DOCKET NO. 760

JUN -1 1988

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE "APOLLO" AIR PASSENGER COMPUTER RESERVATION SYSTEM ANTITRUST AND CONTRACT LITIGATION

TRANSFER ORDER

This litigation presently consists of 21 actions pending in eight federal districts, as follows:

| District | Actions |
|---|---|
| Northern District of Alabama | 4 actions |
| Southern District of Florida | 4 actions |
| District of Nebraska | 4 actions |
| District of Hawaii | 3 actions |
| Southern District of New York | 2 actions |
| Southern District of Texas | 2 actions |
| Middle District of Florida | 1 action |
| District of Kansas | 1 action |

Before the Panel is a motion by United Air Lines, Inc. (United), a party in each of the 21 actions, to centralize the actions in this docket, pursuant to 28 U.S.C. §1407, in the Southern District of New York for coordinated or consolidated pretrial proceedings.1/ SystemOne Direct Access, Inc. (SystemOne), the plaintiff in one Southern District of Texas action in this docket, agrees with United that Section 1407 centralization is appropriate in this docket. SystemOne urges, however, that all actions in this docket and in a related docket -- MDL-761, In re "SABRE" Air Passenger Computer Reservation System Antitrust and Contract Litigation -- should be centralized before the same judge in the Southern District of Texas. Concurring in SystemOne's position before the Panel are the travel agents that are United's adversary parties in twenty actions in this docket.

On the basis of the papers filed and the hearing held, the Panel finds that the 21 actions in this docket involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in this docket involve substantial common questions of fact relating to, inter alia, 1) United's provision of computer reservation system (CRS) services to travel agents; and 2) the terms of United's standard CRS contracts with travel agents. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and

---

1/ The Panel has been advised of the pendency of two additional related actions in this docket, one each pending in the Western District of Kentucky and the Western District of Missouri. These actions will be treated as potential tag-along actions in accordance with Panel Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

the judiciary. We are not persuaded, however, that centralization of the actions in this docket and the actions in MDL-761 before the same judge, as suggested by SystemOne, would necessarily further the statutory goals of Section 1407. We find that, for purposes of Section 1407, the actions in MDL-761, which focus on the CRS marketing and contracting practices of American Airlines, Inc., bear an insufficient factual similarity to the actions in the present docket, which focus on United's CRS marketing and contracting practices.

In designating the Southern District of New York as the transferee forum, we note that the Honorable Milton Pollack, to whom we are assigning this litigation, has already considered and decided a comprehensive summary judgment motion in one of the actions in this docket. Thus Judge Pollack, by virtue of his familiarity with the legal and factual issues in this docket, is particularly well qualified to supervise the coordinated or consolidated pretrial proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Milton Pollack for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-760 -- In re "APOLLO" Air Passenger Computer Reservation System Antitrust and Contract Litigation

### Northern District of Alabama

United Air Lines, Inc. v. Aladdin Travel, Inc.,
  C.A. No. 87-HM-5247-NE
United Air Lines, Inc. v. Four Seasons Travel,
  C.A. No. 87-L-5248-NE
United Air Lines, Inc. v. Discount Travel Service,
  C.A. No. 87-HM-5270-NE
United Air Lines, Inc. v. Twickenham Travel,
  C.A. No. 87-L-5271-NE

### Middle District of Florida

United Air Lines, Inc. v. Travel Kingdom, Inc., etc.,
  C.A. No. 87-1525-Civ. T 15A

### Southern District of Florida

Sunrise Travel, Inc. v. United Air Lines, Inc.,
  C.A. No. 87-6737-Civ.-PAINE
L&R, Inc., etc. v. United Air Lines, Inc.,
  C.A. No. 87-6738-Civ.-LCN
Clark's Apparel, Inc., etc. v. United Air Lines, Inc.,
  C.A. No. 87-6739-Civ.-ALH
United Air Lines, Inc. v. Nob Hill Travel, Inc.,
  C.A. No. 87-6909-Civ.-HOEVELER

### District of Hawaii

United Air Lines, Inc. v. Robinson Travel, Inc.,
  C.A. No. 87-0449-VAC
United Air Lines, Inc. v. Protea Travel, Inc.,
  C.A. No. 87-0550-VAC
United Air Lines, Inc. v. Travel Express, Ltd.,
  C.A. No. 87-0702-ACK

### District of Kansas

United Air Lines, Inc. v. Bryan World Tours, Inc., et al.,
  C.A. No. 87-2511-O

### District of Nebraska

Mid States Travel, Inc. v. United Air Lines, Inc.,
  C.A. No. CV-88-O-77
Key Travel, Inc. v. United Air Lines, Inc.,
  C.A. No. CV-88-O-80
Global Travel Service, Inc. v. United Air Lines, Inc.,
  C.A. No. CV-88-O-79
TV Travel-Rockbrook, Inc. v. United Air Lines, Inc.,
  C.A. No. CV-88-O-78

MDL-760 (Schedule A cont'd.)

### Southern District of Texas

<u>United Air Lines, Inc. v. Braley Tours and Travel, Inc., etc.</u>,
   C.A. No. H-87-3060
<u>SystemOne Direct Access, Inc. v. United Air Lines, Inc., et al.</u>,
   C.A. No. H-88-550

### Southern District of New York

<u>United Air Lines, Inc. v. Austin Travel Corp., et al.</u>,
   C.A. No. 87-Civ-1262 (MP)
<u>Vacations Unlimited, Inc. v. United Air Lines, Inc.</u>,
   C.A. No. 87-Civ-7269 (MP)

```
                                          JUDICIAL PANEL ON
                                         MULTIDISTRICT LITIGATION
                                                 FILED
         DOCKET NO. 760
             AND                              AUG 16 1988
         DOCKET NO. 761
                                          PATRICIA D. HOWARD
                                          CLERK OF THE PANEL
```

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-760 -- IN RE "APOLLO" AIR PASSENGER COMPUTER RESERVATION SYSTEM
          ANTITRUST AND CONTRACT LITIGATION
MDL-761 -- IN RE "SABRE" AIR PASSENGER COMPUTER RESERVATION SYSTEM
          ANTITRUST AND CONTRACT LITIGATION

SystemOne Direct Access, Inc. v. American Airlines, Inc., et al.,
   N.D. Texas, C.A. No. 3-88-1356-R (S.D. Texas, C.A. No.
   H-87-3730)

ORDER

The Panel transferred the above-captioned action (SystemOne v. American) from the Southern District of Texas to the Northern District of Texas for inclusion in centralized pretrial proceedings in MDL-761, pursuant to an order of transfer entered in that docket on June 7, 1988. This action -- formerly styled SystemOne Direct Access, Inc. v. American Airlines, Inc., S.D. Texas, C.A. No. H-87-3730 -- originally consisted of claims by SystemOne Direct Access, Inc. (SystemOne) against American Airlines, Inc. (American).

The Panel purported to transfer another action -- formerly styled SystemOne Direct Access, Inc. v. United Air Lines, Inc., et al., S.D. Texas, C.A. No. H-88-550 -- from the Southern District of Texas to the Southern District of New York for inclusion in centralized pretrial proceedings in MDL-760, pursuant to an order of transfer entered in that docket on June 1, 1988. This action (SystemOne v. United) consisted of claims by SystemOne against United Air Lines, Inc. (United) and its subsidiary Covia Corporation (Covia). The transfer of SystemOne v. United to the Southern District of New York in MDL-760 was not effected, however, because SystemOne v. United had previously been consolidated into SystemOne v. American, by order of Judge Norman W. Black entered in the Southern District of Texas on April 14, 1988.

As a consequence of Judge Black's consolidation order, the Panel's June 7 order transferring SystemOne v. American to the Northern District of Texas 1) effected the intended transfer of SystemOne's claims against American to the Northern District of Texas; and 2) inadvertently effected the unintended transfer of SystemOne's claims against United and Covia to the Northern District of Texas, rather than to the Southern District of New York. The instant order is therefore necessary in order to correct this inadvertence and achieve the intent of the Panel concerning the transfer of claims in MDL-760 and MDL-761.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, SystemOne's claims against United and Covia in SystemOne Direct Access, Inc. v. American Airlines, Inc., et al., N.D. Texas, C.A. No. 3-88-1356-R (S.D. Texas, C.A. No. H-87-3730), be, and the same hereby are, separated and remanded to the Southern District of Texas in MDL-761.

IT IS FURTHER ORDERED that these claims against United and Covia be, and the same hereby are, transferred from the Southern District of Texas to the Southern District of New York and, with the consent of that court, assigned to the Honorable Milton Pollack for coordinated or consolidated pretrial proceedings with the MDL-760 actions previously centralized in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman